**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Wen Lei Li and Yingjie Yin,  individually and on behalf of
all other employees similarly situated,

Plaintiffs,

- against -

SLR Food Distribution, Inc., Angela "Doe" (Last Name
Unknown), and John Doe.

Defendants.

Case No.

**29 U.S.C. § 216(B)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

Plaintiffs Wenlei Li ("Plaintiff Li") and Yingjie Yin ("Plaintiff Yin"), individually and on

behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned

attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants SLR

FOOD DISTRIBUTION, INC., ANGELA DOE (LAST NAME UNKNOWN), John Doe and Jane

Doe # 1-10   (collectively "Defendants"), alleges and shows the Court the following:

<u>INTRODUCTION</u>

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful

employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum

wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiffs further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid minimum wage, and unpaid overtime, pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Wenlei Li ("Li") is a resident of Queens and has been employed by SLR Food Distribution, Inc. located at 100 Nassau Terminal Road, New Hyde Park, NY 11040 from August 1, 2017 to April 2, 2018.

8.      Plaintiff Yingjie Yin ("Yin") is a resident of Queens and has been employed by SLR Food Distribution, Inc.  located at 100 Nassau Terminal Road, New Hyde Park, NY 11040 from July 15, 2017 to November 30, 2017.

## DEFENDANTS

### Corporate Defendant

9.      Upon information and belief, Defendant, SLR Food Distribution, Inc. owns and operates a food distribution business in New Hyde Park located at 100 Nassau Terminal Rd.

10.      Upon information and belief, Defendant, SLR Food Distribution, Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11.      Upon information and belief, SLR Food Distribution, Inc. provided services, purchased and handled goods moved in interstate commerce. For instance, SLR Food Distribution, Inc. imported food items such as condiments originated from China.

12.      At all times relevant herein, SLR Food Distribution, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13.      At all times relevant herein, the work performed by Plaintiff was directly essential to the business operated by SLR Food Distribution, Inc.

### Owner/ Operator Defendant

14.      Upon information and belief, Defendant Angela "Doe" (Last name unknown), is an owner, officer, director and/or  managing agent of  SLR Food Distribution, Inc. at 100 Nassau Terminal Rd., New Hyde Park, NY 11040 and  participated in the day-to-day operations of SLR Food Distribution, Inc., acted  intentionally and  maliciously, and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL  §2

and the regulations thereunder, and is jointly and severally liable with SLR Food Distribution, Inc..

15.    Upon information and belief, Angela "Doe" (Last name unknown), determines the rates of pay, work schedule (including work hours and days off), work load and employment of all employees at SLR Food Distribution, Inc.

16.    Upon information and belief, Defendant John Doe, a partner, officer, director and/or managing agent of SLR Food Distribution, Inc. at 100 Nassau Terminal Rd., New Hyde Park, NY 11040 and participated in the day-to-day operations of SLR Food Distribution, Inc., acted intentionally and maliciously, and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with SLR Food Distribution, Inc.

17.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages, overtime compensation, and failed to provide him paystubs during their employment and a wage notice at the time of hiring in violation of the NYLL.

18.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

19.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees for each hour worked.

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the applicable New York minimum wage rate for each hour worked.

22.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful spread of hours for workdays that began and ended ten (10) hours apart.

24.     Defendants knew that the nonpayment of minimum wage, overtime pay, failure to provide paystubs and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

25.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

26.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notices in their primary languages reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

27.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with statements every payday that accurately listed all of the following: the dates of work covered by that payment of wages; the employee's name; the

name of the employer; the address and phone number of the employer; the employee's rate or rates of pay and basis thereof; the employee's gross wages; the employee's deductions; allowances, if any, claimed as part of the minimum wage; net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay; the employee's number of regular hours worked, and the employee's number of overtime hours worked.

28.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

29.     Defendants knew that the nonpayment of minimum wage, overtime wages, failure to provide paystubs and failure to provide the required wage notice would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

30.     At all relevant times, Defendants failed to post the required New York State Department Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

31.     Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with notices of their exact date of termination and of the cancellation of employee benefits connected with termination within five (5) working days after their dates of termination, in violation of NYLL §195(6).

32.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

***Plaintiff Wenlei Li***

33.     From on or about August 1, 2017 to April 2, 2018, Plaintiff Li was employed by Defendants and was hired as a warehouse helper and loader for SLR Food Distribution, Inc. located at 100 Nassau Terminal Rd., New Hyde Park, NY 11040.

34.     Between on or about August 2017 and April 2, 2018, Plaintiff Li's regular work

schedule ran from 8:20 am – 5:30 pm, with one forty-five (45) minute lunch break for six (6) days from Monday to Saturday; therefore, Plaintiff Li worked eight (8) hours and twenty-five (25) minutes per day.

35.     During this period, Plaintiff Li worked around fifty and one half (50.5) hours each week.

36.     During this period, Plaintiff Li's primary job was as a warehouse helper which duties included packing, loading and organizing the warehouse's inventory and products.

37.     During this period, Plaintiff Li's pay was two thousand two hundred and sixty ($2,260) dollars per month.

38.     During this period, Plaintiff Li was paid by check monthly.

39.     During this period, Plaintiff Li was not compensated at one-and-one-half of the minimum wage or his calculated regular rate, whichever is greater, for all hours worked above forty (40) in each workweek.

40.     Plaintiff Li was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

41.     Nor to Plaintiff Li's knowledge, that Defendants utilizes any time tracking device such as punch cards or sign-in sheets.

42.     Plaintiff was not given wage statements for each of his pay period as required by the law.

43.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

44.     Defendants did not provide Plaintiff with a wage notices at the time of his hiring.

45.     The warehouse manager, known as "Angela" to Plaintiff Li, interviewed Plaintiff Li.

46.     Angela handled payrolls to Defendants' employees, including Plaintiff Li.

### *Plaintiff Yingjie Yin*

47.     From on or about July 15, 2017, to November 30, 2017, Plaintiff Yin was employed by Defendants and was hired as a warehouse helper and loader for SLR Food Distribution, Inc. located at 100 Nassau Terminal Rd., New Hyde Park, NY 11040.

48.     Between on or about July 2017 and November 2017, Plaintiff Yin's regular work schedule ran from 8:20 am – 5:30 pm, with one forty-five (45) minute lunch break for six (6) days from Monday to Saturday, therefore Plaintiff Yin worked eight (8) hours and twenty-five (25) minutes per day.

49.     During this period, Plaintiff Yin worked around fifty and one half (50.5) hours each week.

50.     During this period, Plaintiff Yin's primary job was as a warehouse helper which duties included packing, loading and organizing the warehouse's inventory and products.

51.     During this period, Plaintiff Yin's pay was two thousand two hundred and sixty ($2,260) dollars per month.

52.     During this period, Plaintiff Yin was not compensated at the rate of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked within forty (40) hours in each workweek.

53.     During this period, Plaintiff Yin was not compensated at one-and-one-half of the minimum wage or his calculated regular rate, whichever is greater, for all hours worked above forty (40) in each workweek.

54.     Plaintiff Yin was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

55.     Plaintiff Yin was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

56.     Nor to Plaintiff Yin's knowledge, that Defendants utilizes any time tracking device such as punch cards or sign-in sheets.

57.     Plaintiff Yin was not given a correct wage statement for each of his pay period as required by the law.

58.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

59.     Defendants did not provide Plaintiff with a wage notices at the time of his hiring.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

60.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

61.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs either the FLSA minimum wage or the New York State minimum wage to Plaintiffs or other similarly situated employees.

62.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

63.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each their previous and current business locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, overtime compensation (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

64.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than thirty (30) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

65.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

66.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as

a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

67.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

68.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

69.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

70.    Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

71.    Plaintiffs brings their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at SLR Food Distribution, Inc.  on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

72.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

73.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than five (5) members of the class.

74.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

75.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

76.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter

as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

77.     Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

78.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay

Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

79.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

81.     At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

82.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

83.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

84.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

85.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

86.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiffs and Rule 23 Class]

87.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

88.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

90.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage

**Brought on behalf of the Plaintiffs and the FLSA Collective]**

91.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

93.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

94.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

95.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

96.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

97.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

98.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

99.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

100.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

101.     Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

102.     Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

**COUNT VI**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

103.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

105.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law§195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

106.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

107.    Due to Defendants' violations of New York Labor Law, the Plaintiffs are entitled to recover from Defendants, jointly and severally,$50 for each workday that the violation occurred or continued to occur ,up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII

**[Violation of New York Labor Law—New York Pay Stub Requirement]**

108.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

110.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

91.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to

recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff to get her with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)An injunction against SLR Food Distribution, Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid wages and minimum wages due Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i) An award of unpaid overtime wages due under FLSA and New York Labor Law;

j) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay  wages, minimum wages, overtime compensation pursuant to 29 U.S.C. §216;

l) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages and overtime compensation pursuant to New York Labor Law;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n) The cost and disbursements of this action;

o) An award of prejudgment and post-judgment fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York, June 5, 2018          HANG & ASSOCIATES, PLLC.

                                                            /s/ *Ge Qu*
                                                    Ge Qu, Esq.
                                                    136-20 38th Ave., Suite 10G
                                                    Flushing, New York 11354
                                                    Tel: 718.353.8588
                                                    jhang@hanglaw.com
                                                    *Attorneys for Plaintiffs*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by SKL Food Group Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Wen Lei Li_
Full Legal Name (Print)

_Wen Lei Li_
Signature

_4/3/18_
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by SKL Food Group Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Ying jie Yin_
Full Legal Name (Print)

_Ying jie Yin_
Signature

_3/4 /2018_
Date